UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Harold S. Goldberg,

                              Plaintiff,            CV-04-5098 (CPS)

        - against -                                 MEMORANDUM
                                                    OPINION
                                                    AND ORDER

Blue Ridge Farms, Inc., Seymour Siegel,
and June Siegel,

                              Defendants.

----------------------------------------X

SIFTON, Senior Judge.

        Harold S. Goldberg brings this action against Blue Ridge

Farms, Inc. ("the Farm"), and Seymour and June Siegel ("the

Siegels") alleging claims for: 1) breach of a contract to repay a

promissory note; 2) money had and received; and 3) unjust

enrichment.  The Siegels and the Farm have filed cross-claims

against each other for indemnification.  According to the

complaint, Harold Goldberg is a citizen of New Jersey, and the

Siegels are citizens of New York.[1]  Blue Ridge Farms is a New

York corporation with its principal place of business in New

York.  The amount in controversy exceeds $75,000.  Presently

before the Court is Goldberg's motion for partial summary

judgment against all three defendants pursuant to Federal Rule of

Civil Procedure 56(a) and for sanctions against all defendants

---
        [1] The Siegels state in their answer that they are citizens of
Florida.

pursuant to Rule 11. Blue Ridge Farms does not oppose the motion for summary judgment.

For the reasons that follow, the motion for summary judgment against all defendants on Goldberg's claim for breach of contract is granted in the amount of $98,669.66 plus interest accrued after November 22, 2004. The motion for summary judgment on Goldberg's claims for unjust enrichment and money had and received is denied. Goldberg's Rule 11 motion for sanctions is denied, and his request for attorney's fees is denied without prejudice to its renewal in a Rule 54(d) motion accompanied by the requisite legal memorandum and documentation.

<u>Background</u>

The following facts are drawn from the parties' Local Rule 56.1 statements and affidavits submitted in connection with these motions. They are undisputed except where noted.

The Siegels are former owners of Blue Ridge Farms. In 2003, the Farm encountered financial difficulties, prompting Seymour Siegel to ask Goldberg, his brother-in-law, for a loan. Goldberg agreed to provide a loan of $100,000, and on December 29, 2003, transferred that amount to the Siegels' joint bank account. The Siegels in turn transferred the money to the Farm's bank account. The parties executed a promissory note that reads:

> FOR VALUE RECEIVED, Blue Ridge Farms Inc., a New York
> corporation ("Borrower") located at 3301 Atlantic Avenue,
> Brooklyn, New York and June & Seymour Siegel, promises to
> pay to the order of Harold Goldberg with an address at 67
> Beverly Drive, Hawthorne, NJ 07506 ("Lender"), the maximum

principal sum of one hundred thousand dollars and No/100 cents ($100,000), or such sum as may be advanced and outstanding from time to time, with interest on the unpaid principal balance at the rate and on the terms provided in this Promissory Note (including all renewals, extensions or modifications hereof, this "Note").

INTEREST RATE.  Interest shall accrue on the unpaid principal balance of this Note from the date hereof at the rate of 10% ("Interest Rate").

REPAYMENT TERMS.  This Note shall be due and payable in twelve (12) equal consecutive monthly payments of principal, plus accrued interest, commencing on June 30, 2004, and continuing on the same day of each month thereafter until fully paid.  In any event, all principal and accrued interest shall be due and payable on May 31, 2005.

ATTORNEYS' FEES AND OTHER COLLECTION COSTS.  Borrower shall pay all of Lender's reasonable expenses incurred to enforce or collect this Note.

REMEDIES UPON DEFAULT.  If a Default occurs under this Note, Lender may at any time thereafter, take the following actions: Acceleration Upon Default.  Accelerate the maturity of this Note.  Cumulative.  Exercise any rights and remedies as provided under this Note, or as provided by law or equity.

IN WITNESS THEREOF, Borrower, on the day and year first above written, has caused this Note to be executed under seal.

PLACE OF EXECUTION.  Borrower hereby certifies that this Note was executed in the State of New York and delivered to Lender in the State of New York.

The Note is signed by Jeffrey,[2] June, and Seymour Siegel.[3]

Seymour Siegel states that he has not controlled the affairs of Blue Ridge Farms since March 2004.

---

[2] Jeffrey Siegel was the president of Blue Ridge Farms.  He is not a party to this action.

[3] The parties dispute the date that the contract was signed.  The contract contains a header dating the document on December 31, 2003, but it contains a footer dating it on February 23, 2004.

Goldberg states that he has received only two payments on the loan. On July 15, 2004, he received a check from the Farm for $868.26. Then, on August 24, 2004, he received a second check from the Farm for $9,160.11. Goldberg states, and the defendants do not dispute, that on November 17, 2004, he sent a letter to all three defendants demanding payment of the principal and all accrued interest on the loan. Goldberg calculates the amount due as $98,669.66, plus interest accrued from November 17, 2004.[4] The defendants do not dispute this calculation. Goldberg filed this complaint on November 23, 2004, to recover the remainder of the amount owed.

In their answers to the complaint, the Farm and the Siegels denied liability. The Farm states that it did so because a review of the Farm's files revealed no evidence that it had ever received funds from Goldberg. The Farm states, however, that during discovery it uncovered banking documents that revealed that it is in fact liable on the debt. The Farm attributes its oversight to the confusion caused by the transition of management from the Siegels to the new owners as well as allegations that the Siegels defrauded the new owners.[5] Accordingly, the Farm does not oppose Goldberg's motion for summary judgment. The Farm has not amended its answer to reflect its acknowledgment of

---

[4] Goldberg states that he also seeks attorney's fees, but he has not submitted documentation concerning the amount, and no party has briefed the issue.

[5] The Farm states that the Siegels left the company's files "in some disarray."

liability.

## Discussion

### Motion for Summary Judgment

Summary judgment is appropriate "[w]hen the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." FED. R. CIV. PRO. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Elec. Inspectors, Inc. v. Vill. of E. Hills*, 320 F.3d 110, 117 (2d Cir. 2003). A fact is material when it "might affect the outcome of the suit under the governing law." *Id.*

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *Apex Oil Co. v. DiMauro*, 822 F.2d 246, 252 (2d Cir. 1987). In order to defeat such a motion, the non-moving party must raise a genuine issue of material fact. Although all facts and inferences therefrom are to be construed in the light most

favorable to the non-moving party, the non-moving party must raise more than a metaphysical doubt as to the material facts. *See Matsushita*, 475 U.S. at 586; *Harlen Assoc. v. Vill. of Mineola*, 273 F.3d 494, 498 (2d Cir. 2001). The non-moving party may not rely on conclusory allegations or unsubstantiated speculation. *Twin Labs., Inc., v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir. 1990). Rather, the non-moving party must produce more than a scintilla of admissible evidence that supports the pleadings. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289-90 (1968); *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003).

The trial court's function in deciding such a motion is not to weigh the evidence or resolve issues of fact, but to decide instead whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

Breach of Contract

The elements of an action to obtain judgment on a promissory note or loan agreement are: 1) that a contract exists and was duly executed; and 2) there is a default by reason of nonpayment. *Interman Indus. Prod. Ltd. v. R.S.M. Electron Power, Inc.*, 332 N.E.2d 859 (N.Y. 1975).[6] The parties do not dispute that these

---

[6] None of the parties have addressed what state's law applies to

(continued...)

elements are satisfied. Instead, they disagree as to whether the Siegels are guarantors of the Farm's debt, or whether they are co-debtors with the Farm.

A guaranty is "the promise to answer for the payment of some debt of the performance of some obligation, on default of such payment or performance, by a third person who is liable in the first instance." *Terwilleger v. Terwilleger*, 206 F.3d 240, 246 (2d Cir. 2000) (quoting 63 N.Y. JUR.2D GUARANTY AND SURETYSHIP § 2 (1987)). A guarantor is obligated to make payment when the primary debtor has defaulted and the debtor is insolvent, cannot be served with process, cannot satisfy a the creditor's judgment, or otherwise cannot pay. RESTATEMENT (THIRD) SURETYSHIP AND GUARANTY § 15(b). Such agreements are collateral to the primary contractual obligation, and are frequently set forth in a separate document. *See, e.g., Components Direct, Inc. v. European Am. Bank & Trust Co.*, 175 A.D.2d 227, 230-31 (N.Y. App. Div. 1991). Siegels contend that because the conditions precedent to suit against them have not yet occurred, Goldberg's claim against them fails.

With respect to a contract claim, a court may construe the contract and grant summary judgment when the contractual language is plain and unambiguous. *Zurich Am. Ins. Co. v. ABM Indus.*,

---

[6](...continued)
this action. In support of his motion, Goldberg cites New York state case law. The Siegels cite no substantive law at all, apparently conceding the applicability of New York law. The operative rule in a diversity case is that when no party raises a conflict of law issue, the federal court simply applies the law of the state in which it sits. *Grudstad v. Ritt*, 166 F.3d 867, 870 (7th Cir. 1999); *PI, Inc. v. Quality Type Prod., Inc.*, 907 F. Supp. 752, 760 n.3 (S.D.N.Y. 1995).

*Inc.,* 397 F.3d 158, 164 (2d Cir. 2005). A written contract is interpreted to give effect to the intention of the parties as expressed in the unequivocal language they have used. *Terwilliger,* 206 F.3d at 245. The interpretation of unambiguous contract provisions is the function of the court, not the jury, and extrinsic evidence is not considered when the parties' intent can be fairly determined on the face of the instrument. *Id.*

I conclude that, under the terms of the contract, the Siegels are not guarantors, but are instead principal obligors along with the Farm. The contract does not use either the word "guaranty" or "suretyship," as one would expect if either of those relationships were contemplated. *See generally* RESTATEMENT (THIRD) OF SURETYSHIP AND GUARANTY § 15 (identifying words that commonly create guarantor or surety relationship). Nor does it specify that the Siegels' obligations arise only upon the Farm's default. To the contrary, the contract states that all three parties will pay Goldberg, and the contract does not place any condition on these obligations.[7]

The Siegels contend, however, that because the contract identifies the term "Borrower" as shorthand for the Farm, only the Farm is a principal obligor.[8] In light of the absence of any

---

[7] Although consideration of extrinsic evidence is unnecessary, I note that the proceeds of the loan were paid directly to the Siegels, not the Farm.

[8] Adding to the confusion, is a grammatical error not noted by the Siegels. The contract's first sentence states that the three defendants "promises (sic) to pay" the debt. Yet even this confusing

(continued...)

other language suggesting that the parties contemplated a guaranty or suretyship, this is insufficient to create an issue of fact as to the parties' intent.

The Siegels next contend that even if they are liable as joint promisors with the Farm, there is an issue of fact as to whether they are jointly and severally liable or whether the damages should be apportioned among the three defendants. The presumption is, however, that "[w]here two or more parties to a contract promise the same performance to the same promisee, each is bound for the whole performance thereof." RESTATEMENT (SECOND) CONTRACTS § 289. The liability of two or more co-signors on a promissory note is presumed to be joint and several. N.Y. U.C.C. § 3-118(e); *see Sequa Capital Corp. v. Nave*, 1995 WL 378550, at *1 (S.D.N.Y. June 26, 1995); *Welch v. Campbell*, 94 N.Y.S.2d 860 (N.Y. Sup. Ct. 1950). The Siegels point to no language in the contract to rebut this presumption.

Because there is no disputed issue of material fact as to the interpretation of the contract, and it is undisputed that the defendants are in breach, Goldberg is entitled to summary judgment against all defendants on his breach of contract claim. Goldberg calculates, and the defendants have not disputed, that

---

[8](...continued)
verb conjugation is presumed to create joint duties to perform the contract, and not a guarantee/guarantor relationship. *See* RESTATEMENT (SECOND) CONTRACTS § 289 note c, illustration 6; *see also* N.Y. U.C.C. § 3-118 ("[T]wo or more persons who sign as maker, acceptor or drawer or indorser and as a part of the same transaction are jointly and severally liable even though the instrument contains such words as 'I promise to pay.'").

he is entitled to $98,669.66 plus interest accrued after November 22, 2004.  Accordingly, Goldberg is entitled to partial summary judgment in that amount.

<u>Claims for Unjust Enrichment and Money Had and Received</u>

Because there is an actual contract, Goldberg may not recover on the quasi-contractual theories of money had and received or unjust enrichment.  *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 940 (2d Cir. 1998); *Cornhusker Farms, Inc. v. Hunts Point Coop. Mkt., Inc.*, 2 A.D.3d 201, 206 (N.Y. App. Div. 2003); *Lancaster Towers Ass'n, L.P. v. Assessor of Town of Lancaster*, 259 A.D.2d 1001, 1002 (N.Y. App. Div. 1999).  Accordingly, the motion for summary judgment on those claims is denied.

<u>Motion for Rule 11 Sanctions</u>

Goldberg contends that the defendants should be sanctioned pursuant to Federal Rule of Civil Procedure 11 for asserting frivolous defenses.  Rule 11 provides in part:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> . . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable

opportunity for discovery; and
(4) the denials of factual contentions are warranted on the
evidence or, if specifically so identified, are reasonably
based on a lack of information or belief.

The goal of Rule 11 is to "discourag[e] dilatory and abusive litigation tactics and eliminat[e] frivolous claims and defenses." *McMahon v. Shearson/Am. Express, Inc.*, 896 F.2d 17, 21 (2d Cir. 1990). In determining whether Rule 11 sanctions are appropriate, a court applies an objective standard of reasonableness. *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1444 (2d Cir. 1991). Even where Rule 11 is violated, the imposition of sanctions is in the discretion of the Court, and should be done with caution. *See Caisse Nationale de Credit Agricole-CNCA v. Valcorp.*, 28 F.3d 259, 264 (2d Cir. 1994). For a legal argument to be so meritless as to warrant sanctions, "it must be clear under exiting precedents that there is no chance of success." *Shafii v. British Airways, PLC*, 83 F.3d 566, 570 (2d Cir. 1996) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)).

Goldberg contends that Rule 11 sanctions are appropriate against each defendant because under the plain language of the contract, they are co-debtors and primarily liable for the amount owed. The Farm's denial of liability was based on the concededly erroneous factual belief that the company had never received money from Goldberg. The Siegels denied liability because of an erroneous legal conclusion that the contract rendered them merely guarantors of the Farm's debt. Although I conclude that the

contract unambiguously renders the Siegels as principally obligors on the debt and not mere guarantors, the poor draftsmanship employed in the document prevents me from concluding that their position was frivolous. Nor can I conclude that the Farm's conduct during this litigation warrants sanctions in light of its present concession of liability.

## Conclusion

For the foregoing reasons, Goldberg's motion for partial summary judgment against all defendants on his first claim for relief for breach of contract is granted in the amount of $98,669.66 plus interest accrued after November 22, 2004. The motion for summary judgment on the claims for unjust enrichment and money had and received is denied. Goldberg's Rule 11 motion for sanctions is denied, and his request for attorney's fees is denied without prejudice to its renewal in a Rule 54(d) motion accompanied by the requisite legal memorandum and documentation.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge.

SO ORDERED.

Dated : Brooklyn, New York

April 25, 2005

Signed by Charles P. Sifton
United States District Judge