UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
HAROLD S. GOLDBERG,

    Plaintiff,

 -against-

BLUE RIDGE FARMS, INC.,
SEYMOUR SIEGEL, and JUNE SIEGEL,

    Defendants,

------------------------------------------------------X

MEMORANDUM AND ORDER

CV-04-5098 (CPS) (JMA)

APPEARANCES:

 STEVEN J. SHORE, ESQ.
 360 LEXINGTON AVENUE
 NEW YORK, NEW YORK 10017

 BARRY FERTEL, ESQ.
 GERSTEN, SAVAGE
 101 EAST 52ND STREET
 NEW YORK, NEW YORK 10022-6018

AZRACK, United States Magistrate Judge

 Presently before this Court is plaintiff's application for attorney's fees on the post judgment litigation pursuant to Federal Rules of Civil Procedure 54(d). When the parties could not agree among themselves to a settlement of the fee issue, I agreed to review the submissions and resolve the fee issue.

 Plaintiff's application seeks $60,065.00 in attorney's fees and $25,007.46 in disbursements for a total of $85,072.46. I must agree with defendant's counsel that it is quite remarkable that plaintiff's fees and disbursements - $85,072.46 - could so closely approximate the sum total of the note at issue here, $98,669.66. On the other hand, unfortunately, the post

judgment litigation required substantial document production and review as well as one lengthy deposition. Regrettably these proceedings were contentious and generated voluminous and frequent correspondence and telephone conferences with the Court.

New York Courts calculate attorney's fees using the lodestar method. See Bourgad v. Lakewood Haulage Inc., 827 F. Supp., 126 (E.D.N.Y. 1993). In computing the lodestar, the court multiplies the number of hours reasonably worked by what it deems to be a reasonable hourly rate. The applicant has the burden of establishing its hourly rate and the hours expended.

Plaintiff's counsel, Steven Shore, has submitted records to support his fee request for $60,065.00 and disbursements in the amount of $25,007.46. I have reviewed these submissions. As an initial matter I will not award fees for May and June 2005 because the work performed during these months was for a fee application for which Judge Sifton previously barred recovery. Thus, $25,028.91 will be deducted from plaintiff's request. Likewise, I deny the August and September 2006 requests for $7709.71 for the same reasons. This leaves plaintiff's request at $52,333.84 in fees and disbursements for the remainder of the post judgment work. Defendants have not challenged the hourly rates of counsel, hence the award hinges on the number of hours reasonably expended. In determining the number of hours reasonably expended, a court considers:

> (1) hours which reflect inefficiency or duplication of services should be discounted: (2) hours that are excessive, unnecessary or which reflect "padding" should be disallowed; (3) legal work should be differentiated from nonlegal work such as investigation, clerical work, the compilation of facts and other types of work which can be accomplished by nonlawyers who command lesser rates; (4) time spent in court should be differentiated from time expended for out-of-court services; and (5) the hours claimed should be weighed against the court's own knowledge, experience and expertise as to the time required to complete similar activities.

McIntyre v. Manhattan Ford, 672 N.Y.S.2d 230, 232 (N.Y. Sup. Ct. 1997).

After reviewing the contemporaneous time records submitted by counsel and considering the nature of the case, the work performed and counsel's expertise, I find that a 50% reduction is in order of both fees and disbursements. Although I recognize that this litigation was particularly contentious, I nevertheless find the hours and expenditures out of proportion to the time I believe was reasonably necessary to this post judgment litigation.

Accordingly, plaintiff's counsel is entitled to $23,866.00 in attorney's fees and $6,155.00 in disbursements.

SO ORDERED.

Dated: Brooklyn, New York
October 31, 2006

JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE